[No. 8,231.—Department Two.]
Aug. 23, 1882.

## JOHN WOLFING v. SAMUEL RALSTON ET AL.

CONSTRUCTION OF LEASE.—Plaintiffs let to the defendants a certain mine, under a written contract of lease, which contained the following clauses: " The said parties of the second part are to prospect and work the said vein, lead, or lode, in a good and workmanlike manner, with as little damage to the land for agricultural purposes as a proper mining of the same will permit, and to pay to the party of the first part, or his assigns, every week, twenty per cent. of all the gold that they may take from said vein, lead, or lode, or from the angles or spurs thereof; that they are to work the same without expense to the party of the first part, and keep the same free from any liens or incumbrances for work or labor done on, or for materials furnished for the working of said mine; that if the parties of the second part should take, during any week, gold sufficient to more than pay for the back expenses of working the said mine, then the party of the first part is to have one third of the gold they may get from said mine, after paying said working expenses."

Held: The plaintiff was entitled to twenty per cent. of all gold taken from the mine at all events, and in case the defendants should take out during any week sufficient to more than pay for the back expenses of working the mine, the plaintiff was to have one third of the gold taken from the mine, after paying such working expenses.

ID.—FORFEITURE OF LEASE—BREACH OF CONDITIONS—RESCISSION.—The judgment of the lower Court for the recovery of the amount due under the contract, and for the restitution of the premises, affirmed.

APPEAL from a judgment for the plaintiff in the Superior Court of the County of Tuolumne. ROONEY, J.

The complaint prayed judgment for two hundred and seventy dollars damages, for the restitution of the land, and for an injunction, and the Court decreed accordingly. A petition for rehearing in Bank was filed in this case, after judgment, and denied.

*Dorsey & Nicol,* for Appellants.

The lease does not seem clearly to specify the conditions, in reference to the back expenses, but the construction we put upon the lease is this: That every week, if there are any proceeds, and they are sufficient to pay the working expenses of that week, then the working expenses must be paid; and if the proceeds are more than sufficient, then the plaintiff is entitled to twenty per cent. of the surplus. But in case there should be no proceeds, and that several weeks should elapse before there should be any proceeds, then the proceeds should be applied to the back expenses, until they more than pay the expenses, and then the plaintiff is entitled to one third of the surplus, after the said back expenses are paid. We think this construction will give validity to all parts of the contract, and will do violence to no part of it. It is well settled that contracts must, if possible, be construed so as to give effect to all of its parts, and force to all the language. (2 Parsons on Con., 503–506; C. C., §§ 1643, 1652.)

Admitting that defendants failed to pay the money every week, as they took it out, this was only a partial violation of the lease, and did not give the plaintiff a right to rescind the lease, or recover the property back. The conditions of the lease are independent, and are not mutual and dependent, and they are not conditions precedent. A suit can be maintained for damages, for its violation. (2 Parsons on Con. 529, 530, 531, 679, and note.)

In such case the plaintiff is not entitled to have the contract rescinded, but must depend upon his suit for damages, for the violation of the agreement.

Generally, no contract can be rescinded by one of the parties, unless both can be restored to the condition in which they were before the contract was made. (Parsons on Con. 679, notes z and a.; *Watts* v. *White,* 13 Cal. 321; *Miller* v. *Steen,* 30 id. 402; *Bohall* v. *Diller,* 41 id. 532.)

Courts do not favor forfeitures, and will always give relief when exact compensation can be had by defendant to the plaintiff. (Story's Eq. Jur., Sec. 1315, and notes; 1366, and notes; 1319, 1320, and notes; 1323, 1324, 1326, and notes; Woodfall on Landlord and Tenant, 302–305.)

*E. A. Rodgers, Street & Street,* for Respondent.

The contract says, in plain terms, that the parties of the second part (defendants) are " to pay to the party of the first part, or to his assigns, every week twenty per cent. of all the gold that they may take from said vein." There can be no doubt as to the meaning of this language.

Plaintiff is not compelled to bring a suit for his part of the gold, but may consider the covenants broken and recover his property. The defendants have covenanted that plaintiff may re-enter, upon failure on their part to keep the terms of the lease; and appellants' authorities, on the point that " both parties must be restored to the condition in which they were before the contract was made," before the contract can be rescinded, are not in point in this case.

MORRISON, C. J.:

Plaintiff let to the defendants a certain mine, under a written contract or lease, which contained the following clauses:

" The said parties of the second part are to prospect and work the said vein, lead, or lode, in a good and workmanlike manner, with as little damage to the land for agricultural purposes as a proper mining of the same will permit, and to pay to the party of the first part, or his assigns, every week, twenty per cent. of all the gold that they may take from said vein, lead, or lode, or from the angles or spurs thereof; that they are to work the same without expense to the party of the first part, and keep the same free from any liens or incumbrances for work or labor done on, or for materials furnished for, the working of said mine; that if the parties of the second part should take, during any week, gold sufficient to more than pay for the back expenses of working the said mine, then the party of the first part is to have one third of the gold they may get from said mine after paying said working expenses.

" That, if the parties of the second part fail to keep the covenants aforesaid, then the party of the first part is at liberty to take full possession of said land and premises without recourse to law, as fully, to all intents and purposes, as if this lease had not been made. In witness whereof, the said con-

tracting parties have hereunto set their hands and seals, the day and year first above written."

The following special issues were submitted to the jury:

" 1. Did the plaintiff and the defendants execute the contract set forth in the complaint ?

" Answer—Yes.

" 2. Have the defendants, since the date of said contract, taken out any gold from the mining claim referred to in said contract ? and, if they have, then how much have the defendants so taken out ?

" Answer—One thousand three hundred and forty-four dollars and eighty-five cents.

" 3. Have the defendants paid, or offered to pay, to plaintiff, any portion of the gold taken by them from said claim since the date of said contract ?

"Answer—No.

" 4. If the defendants have taken out any gold from the claim referred to in the complaint, at what time and during what weeks did they take the gold, and how much each week ?

"Answer—1881. Don't know; but during the time, July 23d to August 27th, one thousand three hundred and forty-four dollars and eighty-five cents was taken out.

" 5. Have defendants taken out more than sufficient, during any one week, to pay all the back working expenses ?

"Answer—No.

" 6. Have the defendants taken enough to pay the back expenses, including all the gold they have taken out since they have had said lease ?

"Answer—No.

" 7. What was the total amount of gold the defendants have taken out since they have had the lease ?

"Answer—One thousand three hundred and forty-four dollars and eighty-five cents.

" 8. What was the total amount of back working expenses of working said claim ?

"Answer—Three thousand one hundred and forty-six dollars and eighty-five cents." Judgment for plaintiff on findings, for possession of the property and two hundred and sixty-eight dollars and ninety-seven cents damages.

The contention on behalf of the defendants is, that as it

appears from the findings that defendants did not take out sufficient gold to pay the *back expenses,* therefore the plaintiff was not entitled to any part thereof.

We do not so understand the contract, and to give it such a construction would defeat one of its clauses. The plaintiff was entitled to twenty per cent. of all gold taken from the mine at all events,and in case the defendants should take out during any week sufficient to more than pay for the back expenses of working the mine, the plaintiff was to have one third of the gold taken from the mine after paying such working expenses. The construction given to the contract was the correct one, and the judgment is affirmed, with ten per cent. damages.

THORNTON and SHARPSTEIN, JJ., concurred.